UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHAMPEAU,<br>Petitioner<br>v.<br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Respondent. | Case No. SACV 17-1685-JAK (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS AND/OR LACK OF EXHAUSTION |

On September 27, 2017, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district (Dkt. 1,"Petition"). Pursuant to 28 U.S.C. § 636(c), Petitioner has consented to have the undersigned conduct all further proceedings in this case. (*See* Dkt. 2, 4.)

The Petition stems from Petitioner's January 6, 2016 misdemeanor conviction and sentencing in Orange County Superior Court Case No. 14WF1642 (the "State Conviction"). (Petition at 2.)[1] Petitioner sustained the State Conviction pursuant to a guilty plea to counts of battery and resisting a public or peace officer, and he received a sentence of three years of probation and six days in jail. (*See* docket for OCSC Case No. 14WF1642.) Although Petitioner alleges that he submitted an

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Orange County Superior Court, the California Court of Appeal, the California Supreme Court, and federal courts.

untimely appeal to the California Court of Appeal that was not accepted (Petition at 2-3),[2] the electronic dockets available for the California Court of Appeal and the California Supreme Court do not show any direct appeal from the State Conviction, nor do they show any state post-conviction proceedings challenging the State Conviction.

Over a year and a half passed following the State Conviction. In July 2017, Petitioner mailed a 28 U.S.C. § 2241 habeas petition to the United States District Court for the Southern District of California, which challenged the State Conviction. The petition was assigned Case No. 3:17-cv-01525-BEN-BGS (the "Prior Federal Petition"). The Prior Federal Petition was dismissed without prejudice on August 27, 2017, on the grounds that Petitioner did not appear to be in custody and had not paid his filing fee or sought leave to proceed in forma pauperis, and with advice that Petitioner should proceed under Section 2254 in this District if he wished to challenge the State Conviction.

The Petition is dated September 27, 2017, and was filed on that date.

**THE PETITION IS FACIALLY DEFECTIVE AND UNEXHAUSTED**

The Petition suffers from two readily apparent defects that must be addressed.

First, the Petition names as Respondent "The People of the State of California." This is improper. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the proper Respondent is "the state officer who has

---

[2] Notwithstanding the Petition's allegation, a defendant who has sustained a misdemeanor conviction may not appeal directly to the California Court of Appeal initially. Rather, he must appeal to the Appellate Division of the Superior Court, and if his appeal is denied, he then must file an application asking the Appellate Division to certify the case for transfer to the California Court of Appeal. If such certification is denied, the defendant may petition the California Court of Appeal directly to accept the transfer of the case. *See* Cal. Penal Code § 1466; Cal. R. Ct. 8.1002, 8.1005, and 8.1006; *McMonagle v. Meyer*, 802 F.3d 1093, 1096 (9th Cir. 2015). If the California Court of Appeal denies transfer, that denial is final and may not be appealed to the California Supreme Court. *Id.* In addition, a defendant may raise certain claims in the state courts through a habeas petition. *Id.* at 1099 n.1.

custody." The Notes to Rule 2(a) make clear that, if a petitioner is on probation – as appears to be the case here – the proper Respondents are the particular probation officer responsible for supervising the petitioner and the official in charge of the probation agency. If this action proceeds, Petitioner must amend the Petition to designate the correct Respondents.

Second, the Petition admittedly is unexhausted. Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue(s) presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

Petitioner admits that he has not raised any of the five Grounds set forth in the Petition in the California Court of Appeal or California Supreme Court on direct appeal or through a habeas petition filed in the California Supreme Court. (Petition at 5-7.) As noted above, Petitioner alleges he submitted an untimely appeal that was rejected and not filed. Thus, having failed to properly pursue the direct appeal process described in Note 2 above (*i.e.,* appealing to the Appellate Division and then seeking transfer to the California Court of Appeal), and having failed to pursue the

3

alternative route of seeking habeas relief in the state high court (*see McMonagle*, 802 F.3d at 1098-99), Petitioner has not fairly presented his five claims to the state courts and they are unexhausted as a result.

When a habeas petition is fully unexhausted, as is the case here, the petitioner has two options. He can voluntarily dismiss his petition without prejudice, so that he may pursue exhaustion in the state courts and then return to federal court once his claims are exhausted. Alternatively, he may ask the Court to stay his case while he pursues exhaustion in the state courts, pursuant to the *Rhines* stay procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing stays of "mixed" petitions); and *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (finding the *Rhines* stay procedure applicable to fully unexhausted petitions). To obtain a *Rhines* stay, a petitioner must show: (1) "good cause" for the failure to exhaust the claims at issue; (2) that the unexhausted claims are "potentially meritorious"; and (3) and that the petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78. The Supreme Court has cautioned that a *Rhines* stay should be afforded "only in limited circumstances." *Id.* at 277.

As set forth below, the Court has directed Petitioner to file a Response to this Order to Show Cause. In his Response, Petitioner shall state: whether he believes the Petition is exhausted and, if so, explain why; or whether he concedes that the Petition is unexhausted and, if so, indicate clearly which of the above two options he wishes to exercise. Petitioner is cautioned that, at present, the Court is disinclined to grant a *Rhines* stay given the apparent untimeliness of the Petition, which would render element (2) above unsatisfied. In addition, there is no apparent basis in the record for finding that there was good cause for Petitioner's failure to exhaust his claims, thus rendering element (1) unsatisfied as well. Nonetheless, if Petitioner wishes to seek a stay of this action and believes that he can satisfy the *Rhines* standard, he may attempt to do so in his Response and the Court will consider his

arguments carefully.[3]

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1). Petitioner was convicted on January 6, 2016, and he did not pursue a timely appeal, nor did he seek state habeas relief. Generally, a misdemeanor conviction is "final" for purposes of the Section 2244(d)(1) limitations period 90 days after the California Court of Appeal denies a transfer application. *McMonagle*, 802 F.3d at 1097-98 (when petitioner "appealed his conviction through the proper channels" by appealing to the Appellate Division and then requesting transfer, his conviction was final 90 days after the California Court of Appeal denied transfer). Here, as discussed earlier, Petitioner did not follow the "proper channels" for appealing the State Conviction. Under California law, he had 30 days from his January 6, 2016 State Conviction in which to file a notice of appeal in the trial court, and he admittedly did not do so on a timely basis. *See* Cal. R. Ct. 8.852(a), 8.853; *see also* Cal. R. Ct. 8.852(d) (the court clerk must reject and not file an untimely notice of appeal from a misdemeanor conviction). Accordingly, for federal statute of limitations purposes, Petitioner's state conviction became "final" on the expiration of that 30-day period, *i.e.*, on February 5, 2016. *See Randle v. Crawford*, 604 F.3d 1047, 1054-57 (9th Cir. 2010) (when petitioner filed untimely notice of appeal outside 30-day window under state law, his conviction was "final" for limitations period upon expiration of that 30-day time frame). Therefore, Petitioner had until February 5, 2017, to file a timely federal habeas petition. The instant Petition was not filed until September 27, 2017, and therefore, it was untimely by over seven and a half months, absent tolling.[4]

---

[3] Of course, if there is an ultimate finding that the Petition is untimely, dismissal will follow and no *Rhines* stay will issue.

[4] The Prior Federal Petition was filed on July 26, 2017, and also was untimely.

5

Section 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. Petitioner did not file any state habeas proceeding, and the untimely Prior Federal Petition could not serve as a basis for statutory tolling even if it had been timely. *See Duncan v. Walker*, 533 U.S. 167, 181-81 (2001). Accordingly, no Section 2244(d)(2) statutory tolling is available in this case.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005). Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case. Unlike many Section 2254 habeas petitioners, Petitioner has not been incarcerated since his conviction but, rather, received probation. At most, Petitioner asserts that he "learned more about the law through legal library." (Petition at 7.) Petitioner's status as a pro se litigant and any related legal ignorance is an insufficient basis for equitable tolling. Allegations of this nature are

6

commonly made and are routinely rejected as bases for equitable tolling. *See Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in the parallel 28 U.S.C. § 2255 context, rejecting a movant/prisoner's attempt to justify his lack of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"). On the present record, there is no basis for applying the equitable tolling doctrine.

In sum, it is plain that the Petition, on its face, is untimely by over seven months.

\* \* \* \* \*

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, the Court may raise exhaustion problems *sua sponte*. *Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness and/or the ground of unexhaustion. By no later than **December 8, 2017**, Petitioner shall file a Response to this Order To Show Cause addressing both issues as follows:

1. If Petitioner concedes that this action is untimely, he shall so state clearly. If

7

Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action.

2. In addition, Petitioner shall state clearly whether he concedes that the Petition is unexhausted. If Petitioner contends that the Petition is exhausted, he must explain why. If Petition concedes that the Petition is unexhausted, he shall specify which of the foregoing two options he elects. If Petitioner seeks a *Rhines* stay, he must explain how and why the above-described *Rhines* standard is satisfied.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness and/or the ground of exhaustion.**

**IT IS SO ORDERED.**

DATED: November 8, 2017.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE