|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| JONATHAN CHAMPEAU, | Case No. SACV 17-1685-JAK (GJS) |
|---|---|
| Petitioner | |
| v. | ORDER: DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF EXHAUSTION; AND DENYING A CERTIFICATE OF APPEALABILITY |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

On September 27, 2017, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district (Dkt. 1, "Petition"). The Petition stems from Petitioner's January 6, 2016 misdemeanor conviction and sentencing in Orange County Superior Court Case No. 14WF1642 (the "State Conviction"). (Petition at 2.)[1] Petitioner sustained the State Conviction pursuant to a guilty plea to counts of battery and resisting a public or peace officer, and he received a sentence of three years of probation and six days in jail. (*See* docket for OCSC Case No. 14WF1642.) Although Petitioner alleges that he submitted an untimely appeal to the California Court of Appeal that was not accepted (Petition at 2-3), the electronic dockets available for the California Court of Appeal and the California Supreme Court do not show any direct appeal

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Orange County Superior Court, the California Court of Appeal, the California Supreme Court, and federal courts.

from the State Conviction, nor do they show any state post-conviction proceedings challenging the State Conviction.

Over a year and a half passed following the State Conviction. In July 2017, Petitioner mailed a 28 U.S.C. § 2241 habeas petition to the United States District Court for the Southern District of California, which challenged the State Conviction. The petition was assigned Case No. 3:17-cv-01525-BEN-BGS, and was dismissed without prejudice on August 27, 2017, on various grounds and with the advice that Petitioner should proceed under Section 2254 in this District if he wished to challenge the State Conviction.

The Petition is dated September 27, 2017, and was filed on that date. On November 8, 2017, United States Magistrate Judge Gail J. Standish issued an Order To Show Cause, which directed Petitioner to file a Response addressing the facial untimeliness and unexhausted nature of the Petition [Dkt. 5, "OSC"]. On November 13, 2017, Petitioner filed his Response [Dkt. 6].

The Court has considered the Petition, the available record, and Petitioner's Response. Having done so, the Court concludes that dismissal of this action, without prejudice, is warranted due to the unexhausted nature of the Petition.[2]

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue(s) presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)

---

[2] For the reasons set forth in the OSC, it is plain that the Petition also is untimely. Rather than adjudicate that issue, however, the Court believes it appropriate simply to dismiss the Petition without prejudice for lack of exhaustion.

(emphasis added); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

In the case of a misdemeanor conviction, such as the State Conviction, a defendant may not appeal directly to the California Court of Appeal initially. Rather, he must appeal to the Appellate Division of the Superior Court, and if his appeal is denied, he then must file an application asking the Appellate Division to certify the case for transfer to the California Court of Appeal. If such certification is denied, the defendant may petition the California Court of Appeal directly to accept the transfer of the case. *See* Cal. Penal Code § 1466; Cal. R. Ct. 8.1002, 8.1005, and 8.1006; *McMonagle v. Meyer*, 802 F.3d 1093, 1096 (9th Cir. 2015). If the California Court of Appeal denies transfer, that denial is final and may not be appealed to the California Supreme Court. *Id.* In addition, a defendant may raise certain claims in the state courts through a habeas petition and thereby exhaust his claims through that route. *Id.* at 1099 n.1.

Petitioner admits that he has not raised any of the five Grounds set forth in the Petition in the California Court of Appeal or California Supreme Court, whether on direct appeal or through a habeas petition filed in the California Supreme Court. (Petition at 5-7.) He also does not contend that he properly pursued his available remedies in the Appellate Division of the Superior Court and, instead, concedes that he submitted an untimely appeal that was rejected and not filed. Having failed to properly pursue the direct appeal process described above and having failed to pursue the alternative route of seeking habeas relief in the state high court (*see*

*McMonagle*, 802 F.3d at 1098-99), Petitioner has not presented his five claims to the state courts and has denied the state courts a chance to consider them. As a result, the claims alleged in the Petition are unexhausted.

The OSC explained to Petitioner why the Petition appears to be unexhausted and outlined his attendant options, including that he could request a stay. In his Response, Petitioner has not selected any of the options explained to him and, instead, simply states that he has pursued all exhaustion options of which he is aware. That Petitioner may not have been aware of the exhaustion requirement and/or how to pursue exhaustion does not excuse him from exhausting his claims before proceeding to federal court and from affording the state courts the initial opportunity to address his claims and rectify any alleged error. As Petitioner has not shown that he has exhausted his claims, the Court agrees with the OSC's conclusion that the Petition is unexhausted.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is fully unexhausted. Given that the Petition is fully unexhausted and Petitioner has failed to exercise the stay option provided to him, it must be dismissed without prejudice. *Rose*, 102 S. Ct. at 1205.

Accordingly, IT IS ORDERED that: the Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2);

//
//
//

4

Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

    IT IS SO ORDERED.

DATED: November 27, 2017

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE